BRIAN L. JOHNSRUD, State Bar No. 184474
PATRICK SHERMAN, State Bar No. 229959
CURLEY, HESSINGER & JOHNSRUD LLP
4400 Bohannon Drive, Suite 230
Menlo Park, CA 94025
Telephone:     650.600.5300
Facsimile:      650.323.1002
E-mail: bjohnsrud@curleyhessinger.com
          psherman@curleyhessinger.com

Attorneys for Defendant
THE PERMANENTE MEDICAL GROUP, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARITES PUTNEY,<br><br>         Plaintiff,<br><br>    v.<br><br>THE PERMANENTE MEDICAL GROUP, INC., KAISER PERMANENTE HEALTH PLAN, INC., KAISER PERMANENTE VENTURES, LLC. And DOES 1 through 15, inclusive,<br><br>         Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §1441**<br><br>**[Federal Question Jurisdiction Under The Labor Management Relations Act]** |

**TO THE CLERK AND JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF MARITES PUTNEY AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant THE PERMANENTE MEDICAL GROUP, INC. ("TPMG" or "Defendant") pursuant to 28 U.S.C. §§ 1441, 1446, removes the San Mateo County Superior Court action described below to the United States District Court for the Northern District of California. This notice of removal alleges federal question jurisdiction on the following grounds:

1.      Plaintiff Marites Putney ("Plaintiff") filed a civil action in the California Superior Court for the County of San Mateo, Case No. CIV 529554 ("state court action"), on July 15,

2014, and served her Complaint on July 22, 2014. The state court action is entitled: *Marites Putney v. The Permanente Medical Group, Inc., Kaiser Permanente Health Plan, Inc., Kaiser Permanente Ventures, LCC, and Does 1 through 15, inclusive*. True and correct copies of the summons and Complaint are attached as <u>Exhibit A</u>. As of the date of this Notice, to TPMG's knowledge no party other than TPMG has been served with copies of the summons and Complaint.

      2.      On August 13, 2014, the Superior Court for San Mateo County granted a Request for Dismissal which dismissed without prejudice the improperly named defendants Kaiser Permanente Health Plan, Inc. and Kaiser Permanente Ventures, LCC. A true and correct copy of the Request for Dismissal is attached as <u>Exhibit B</u>. On August 13, 2014, TPMG filed its Answer to Plaintiff's Complaint. A true and correct copy of TPMG's Answer is attached as <u>Exhibit C</u>. On August 15, 2014, a Notice of Entry of Dismissal was filed and served. A true and correct copy of the Notice of Entry of Dismissal is attached hereto as <u>Exhibit D</u>. Accordingly, TPMG is the sole remaining defendant in this action, other than the Doe defendants.

      3.      As relevant to this notice of removal, the Complaint alleges as follows:

      a.      Defendants were at all relevant times the agents, partners, joint ventures, subsidiaries, and parent entities of each other and, in performing and failing to perform the acts and conduct alleged in the Complaint, were acting within the course and scope of such agency, partnership, joint venture, employment and/or conspiracy, and Plaintiff refers to Defendants collectively throughout her Complaint as "Kaiser." (Complaint, ¶¶ 2, 5).

      b.      Plaintiff was employed by Defendants from June 16, 1987 until August 10, 2012 in San Mateo County, California. (Complaint, ¶ 3).

      c.      Plaintiff's position was covered by a collective bargaining agreement ("CBA") dated October 1, 2005, which states at Section 1069 A: "No employee shall be disciplined or discharged without just cause." (*Id*. ¶ 7). Based on Section 1069 A. and 1071 C. of said collective bargaining agreement, Kaiser has a duty to only terminate Putney's employment for just cause and to make use of progressive discipline. (*Id*. ¶ 11). Plaintiff alleges that on August 10, 2012, Plaintiff was terminated from her employment without just cause and without

1 the imposition of progressive discipline. (*Id*. ¶ 8). Plaintiff alleges that her termination was in

2 breach of the agreement to terminate only for just cause, and alleges damages "as an actual and

3 proximate cause of Defendants' breach of the [CBA]." (*Id*. ¶ 13-14).

4        d.     In addition to this alleged breach of the express terms of the CBA, plaintiff

5 also pleads that Defendants had an implied covenant of good faith and fair dealing, that

6 Defendants breached that duty, and that Defendants damaged her through their breach of the

7 implied covenant (i.e. by terminating her employment). (*Id*. ¶¶ 25-26). Plaintiff further alleges

8 that Defendants intentionally inflicted emotional distress on her by terminating her employment

9 without just cause and without the use of progressive discipline, and that breach of duty resulted

10 directly and proximately in damages to Plaintiff. (*Id*. ¶¶ 16-17). Plaintiff further alleges that

11 Defendants negligently inflicted emotional distress on her by terminating her employment

12 without just cause and without the use of progressive discipline, and that breach of duty resulted

13 directly and proximately in damages to Plaintiff. (*Id*. ¶¶ 20-21).

14     4.    TPMG is timely filing this Notice of Removal with the United States District

15 Court for the Northern District of California within 30 days of service of the summons, as

16 required by section 1446(b), 28 U.S.C.

17     5.    <u>Jurisdiction</u>. A civil action filed in state court may be removed to federal court if

18 the federal court has original jurisdiction over the matter. 28 U.S.C. §§ 1441(a). This action may

19 be removed because the court has federal question subject matter jurisdiction under 28 U.S.C.

20 § 1331.

21     **THIS COURT HAS FEDERAL QUESTION JURISDICTION**

22     6.    Federal courts have jurisdiction over a lawsuit alleging a breach of a collective

23 bargaining agreement entered into between a union and employer in the private sector under

24 Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. *Franchise*

25 *Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 23-24 (1983). Defendant TPMG is

26 a California corporation that contracts with Defendant Kaiser Foundation Health Plan, Inc. to

27 provide medical and related professional services to Kaiser members. TPMG is a private sector

28 employer, and Plaintiff's union is a private sector union in connection with Plaintiff's bargaining

CURLEY, HESSINGER &
JOHNSRUD LLP
COUNSELORS AT LAW
MENLO PARK

3

NOTICE OF REMOVAL
(CASE NO. _____ )

unit.

7. Plaintiff's first cause of action for breach of contract alleges that Defendants breached the CBA by terminating Plaintiff's employment without just cause and without the use of progressive discipline as required by the CBA. (Complaint, ¶¶ 11-13). In claiming Defendants breached the federal labor contract with her union, Plaintiff has alleged a claim for breach of a CBA over which the district court has subject matter jurisdiction under section 301 of LMRA, 29 U.S.C. § 185(a). The federal court had jurisdiction over claims for breach of CBAs under section 301 regardless of whether the complaint specifically refers to that jurisdictional statute. *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980); *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987). Because Plaintiff could have brought this suit originally in federal court based on the court's subject matter jurisdiction over this federal question (28 U.S.C. § 1331), this action may be removed to federal court (*id.* § 1441(a)).

8. Even if Plaintiff intended to plead a breach of contract claim arising under state law, such claim is completely preempted by LMRA and necessarily arises under Section 301, 29 U.S.C. § 185. In fact, each of Plaintiff's causes of action turn on whether she was terminated in violation of the "just cause" provision of the CBA, and therefore are all preempted by – and re-characterized under – Section 301 of LMRA.

9. "A court will not allow a plaintiff to deny a defendant a federal forum when the plaintiff's complaint contains a federal claim 'artfully pled' as a state law claim." *United Jersey Banks v. Parell*, 783 F.2d 360, 367 (3rd Cir. 1986). Accordingly, a corollary to the well-pleaded complaint rule - the complete preemption doctrine - permits removal where federal law completely preempts the entire subject matter of the claim, and supplants any state law claim so that the only viable claim is the one created under federal law. *Metropolitan Life Ins. Co v. Taylor*, 481 U.S. 58, 63-64 (1987), *accord, Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987). The complete preemption doctrine holds that the preemptive force of a statute can be so extraordinary that it converts an ordinary state common law complaint into one stating a federal cause of action. *Franchise Tax Bd.*, 463 U.S. at 23-24.

10. Section 301 of LMRA has such an extraordinary preemptive force, providing

federal jurisdiction over "suits for violation of contracts between an employer and a labor organization." *Young*, 830 F.2d at 997 (*quoting* 29 U.S.C. § 185(a)).  A suit for breach of a collective bargaining agreement is governed exclusively by federal law under section 301. *Young*, 830 F.2d at 997 (*citing Franchise Tax Bd.*, 463 U.S. at 23).  Further, the preemptive force of section 301 is so complete as to displace entirely any state claim based on a CBA.  *See Young*, 830 F.2d at 997 (citations omitted) (preemption of breach of CBA claim); *Newberry v. Pacific Racing Asso.*, 854 F.2d 1142, 1147 (9th Cir. 1988) (LMRA preemption of implied covenant of good faith and fair dealing claim); *Miller v. AT&T Network Systems*, 850 F.2d 543, 551 (9th Cir. 1988) (LMRA preemption of emotional distress claim stemming from termination).  Upon re-characterization as claims arising under the LMRA, such action may properly be removed to federal court.  *Chmiel v. Beverly Wilshire Hotel Co.*, 873 F.2d 1283, 1286 (9th Cir. 1989).

11.   Each of Plaintiff's claims turn on her fundamental assertion that she was terminated in violation of the CBA, are preempted by the LMRA, and each are properly re-characterized as arising under Section 301.  Plaintiff's first and fourth causes of action – breach of contract and breach of implied covenant of good faith and fair dealing – allege that she was terminated from her employment in violation of the CBA, which plainly arise under Section 301. *Young*, 830 F.2d at 997 (preemption of breach of CBA claim); *Newberry v. Pacific Racing Asso.*, 854 F.2d 1142, 1147 (9th Cir. 1988) (preemption of implied covenant of good faith and fair dealing claim). Plaintiff's second and third causes of action for intentional and negligent infliction of emotional distress both arise out of the same alleged conduct, termination in violation of the CBA, which forms the basis of her contract claim.  As resolution of those claims is inextricably intertwined with the interpretation of the CBA, they are preempted.  *Young*, 830 F.2d at 1002; *Miller*, 850 F.2d at 551.  Accordingly, based on LMRA preemption of each and every cause of action in Plaintiff's Complaint, this court has federal question subject matter jurisdiction for the purposes of removal from state court.  28 U.S.C. § 1441(a).

12.   <u>Intradistrict Assignment</u>.  Assignment to the Oakland or San Francisco division of this Court is appropriate because plaintiff filed the action in the San Mateo County Superior Court.  N.D. Cal. L.R. 3-2(c),(d).

13. As required by 28 U.S.C. § 1446, Plaintiff will be given notice of the filing of this Notice of Removal and a true copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the County of San Mateo.

**NOTICE TO INTERESTED PARTIES**

There are no interested parties in this action, other than Plaintiff and Defendant.

Respectfully submitted,

Dated:  August 19, 2014            CURLEY, HESSINGER & JOHNSRUD LLP


By      /s/ Brian Johnsrud
    BRIAN L. JOHNSRUD
    Attorneys for Defendant
    THE PERMANENTE MEDICAL GROUP, INC.