# EXHIBIT A

1   PETER L. BALOGH SBN #164150
    LAW OFFICES OF PETER L. BALOGH
2   15 West Manor Drive
    Pacifica, CA 94044
3   Tel.:  (650) 355-8834
    Fax:  (650) 355-7342
4
    Attorney for Plaintiff
5   MARITES PUTNEY

**FILED**
SAN MATEO COUNTY

JUL 15 2014

Clerk of the Superior Court
By _____
DEPUTY CLERK

6

7           SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                 COUNTY OF SAN MATEO

9                   Unlimited Jurisdiction

| | |
|---|---|
| 10 | |
| 11  MARITES PUTNEY, | ) Case No. **CIV 5 2 9 5 5 4** |
| 12  Plaintiff, | ) COMPLAINT FOR: BREACH OF<br>) CONTRACT; INTENTIONAL<br>) INFLICTION OF EMOTIONAL |
| 13  vs. | ) DISTRESS; NEGLIGENT INFLICTION<br>) OF EMOTIONAL DISTRESS, AND |
| 14  THE PERMANENTE MEDICAL GROUP, | ) BREACH OF IMPLIED COVENANT OF |
| 15  INC., KAISER PERMANENTE HEALTH<br>PLAN, INC., KAISER PERMANENTE | ) GOOD FAITH AND FAIR DEALING;<br>) PUNITIVE DAMAGES |
| 16  VENTURES, LLC. and DOES 1 through<br>15, inclusive, | )<br>) |
| 17 | ) |
| 18  Defendants. | ) |

19

20

21

22   For this Complaint, Marites Putney, alleges the following.

23

24               **JURISDICTION AND VENUE**

25     1.  Plaintiff Marites Putney  (Hereinafter referred to as "Putney"), is an individual who

resides in San Mateo County, California.

1

2.  Defendants The Permanente Medical Group, Inc., Kaiser Permanente Health Plan, Inc., and Kaiser Permanente Ventures, LLC are the agents, partners, joint ventures, subsidiaries, and parent entities of the other.  They are collectively hereinafter referred to as "Kaiser".  Kaiser is a corporation that maintains offices in San Mateo County, California.

3.  Between June 16, 1987 and August 10, 2012, Putney was an employee at Kaiser's offices in San Mateo County, California.

4.  The true names and capacities, whether individual, corporate or otherwise, of Defendant DOES 1 through 15, inclusive, are unknown to Plaintiff at this time.  Therefore, Plaintiff sues these Defendants by fictitious names pursuant to §474 of the California Code of Civil Procedure.  Plaintiff will seek leave of the court to amend its complaint to set forth the true names of the defendants when they are ascertained.

5.  Defendant is informed and believes, and on this basis alleges, that except where otherwise expressly alleged to the contrary, each of the defendants, including Does 1 through 15, inclusive, is, and at all relevant times herein mentioned was, the agent, partner, joint venturer, subsidiary, parent entity, employee, and/or co-conspirator of the remaining Defendants, and is, and at all relevant times herein mentioned was, in performing and failing to perform the acts and conduct hereinafter alleged, acting within the course and scope of such agency, partnership, joint venture, employment and/or conspiracy.  Plaintiff is further informed and believes, and on this basis alleges, that the acts and conduct of each of the defendants were known to, and authorized and ratified by, the remaining defendants, and that each of the defendants are legally responsible for the conduct and damages alleged.

2.

## COMMON ALLEGATIONS

6.  Putney was an employee of Kaiser from June 16, 1987 until August 10, 2012.  Until approximately January 30, 2012, Putney was a Medical Assistant in the Medicine Department.  After January 30, 2012, Putney held the position of Program Assistant at Kaiser.

7.  Putney is an employee covered by a collective bargaining agreement with Kaiser, dated October 1, 2005.  Section 1069 A. of said agreement states that "No Employee shall be disciplined or discharged without just cause.  Any Employee who is discharged shall be informed in writing at the time of the discharge of the reason(s) for the discharge."  Section 1071 C. of said agreement states: "It is the Employer's intent normally to make use of progressive discipline in accordance with established practices and policy."

8.  On August 10, 2012, Putney was terminated from her employment with Kaiser without just cause and without the imposition of progressive discipline.  Kaiser, in its termination letter to Putney dated August 10, 2012, claimed Putney's employment was terminated for violating standards of the Health Insurance Portability and Accountability Act (hereinafter referred to as "HIPAA") and for violating its internal principals of responsibility. Specifically, the letter claimed that on four different occasions Putney briefly accessed the medical records of her daughter-in-law, brother, daughter, and son.  If Putney had briefly accessed these people's accounts it was for the purpose of serving them, as customers of Kaiser, and was done in accordance with standard operating customs at Kaiser.

9.  Putney was not adequately educated of Kaiser's internal principals of responsibility or of Kaiser's interpretation of HIPAA.  Putney did not violate HIPAA or Kaiser's internal principals of responsibility.  Furthermore, even if Putney had violated HIPAA or Kaiser's internal principals of responsibility it was a minor infraction and similar alleged acts have been

3

1  committed by numerous other employees of Kaiser in the same timeframe without the result

2  being termination or even suspension.

3

4

5  **FIRST CAUSE OF ACTION**

6  **(Breach of Contract)**

7

8

9      10.  Plaintiff hereby re-alleges and incorporates each and every allegation contained in

10  paragraphs 1 through 9 inclusive, as though fully set forth herein.

11     11.  Putney and Kaiser entered into a contract with each other on or about October 1,

12  2005, the date of the Collective Bargaining Agreement between Kaiser and its covered

13  employees, including Putney.  Based on Section 1069 A. and 1071 C. of said collective

14  bargaining agreement, more fully described in paragraph 7 of this complaint, Kaiser had a duty

15  to only terminate Putney's employment for just cause and to make use of progressive discipline.

16     12.  Putney complied with all of her duties under the contract.  She faithfully worked

17  without reprimand for Kaiser for 25 years before the abrupt termination on August 10, 2012 and

18  complied with all of Kaiser's established and clearly defined employment protocols for said 25

19  years.

20     13.  Kaiser breached this contract by terminating Putney without just cause.  Putney did

21  not violate HIPAA or Kaiser's internal principals of responsibility by briefly accessing her

22  family member's accounts for the purpose of serving them as customers of Kaiser.  Even if

23  Putney's aforementioned actions had been a violation of either HIPAA or Kaiser's internal

24  principals of responsibility, Kaiser failed to adequately educate Putney of the rules.  This is

25  compounded by it being common practice for Kaiser employees to take part in scheduling

appointments for their family members or to inform them who their primary doctor is or when an

4

1  appointment is scheduled.  Said minor alleged violations do not amount to just cause for

2  termination.   Furthermore, Kaiser breached this contract by terminating Putney instead of

3  making use of progressive discipline.  Given that Kaiser did not adequately educate Putney of its

4  rules and interpretations of HIPAA, that it was customary for Kaiser employee's to access their

5  family members accounts to assist them, and that several other employees of Kaiser had received

6  significantly lower punishments for the same or even more egregious acts in the same time

7  frame, Kaiser breached the contract by not utilizing progressive discipline before terminating

8  Putney's employment.

9      14.  As an actual and proximate cause of Kaiser's breaches of the contract, Putney has

10 suffered a loss of income, a loss of earning capacity, and her employment with Kaiser. All of

11 these damages were a likely and foreseeable result of Defendants' breaches of the contract.

12 Putney requests specific performance of the contract in the form of the reinstatement of her

13 employment with Kaiser.

14     **WHEREFORE,** Plaintiff seeks a judgment for damages as set forth in the Prayer.

15

16

17

18                              <u>**SECOND CAUSE OF ACTION**</u>

19                      **(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)**

20

21     15.  Plaintiff, hereby re-alleges and reincorporates each and every allegation contained in

22 paragraphs one through 14 inclusive, as though fully set forth herein.

23     16.  Putney and Kaiser entered into a contract with each other on or about October 1,

24 2005, the date of the Collective Bargaining Agreement between Kaiser and its covered

25 employees, including Putney.  Based on Section 1069 A. and 1071 C. of said collective

   bargaining agreement, more fully described in paragraph 7 of this complaint, Kaiser had a duty

                                        5

1  to only terminate Putney's employment for just cause and to make use of progressive discipline.

2  Kaiser was aware of this duty and of Putney's reprimand free 25 year employment with Kaiser.

3  Kaiser intentionally inflicted emotional distress on Putney by terminating her employment

4  without just cause and without the use of progressive discipline.  Kaiser terminated Putney for

5  the sole purpose of harassing Putney.

6      17. Kaiser's termination of Putney without just cause and without the use of progressive

7  discipline, which Kaiser knew it had a duty to implement, resulted directly in and proximately in

8  Putney suffering from a loss of income, a loss of earning capacity, her employment with Kaiser,

9  and to undergo extreme emotional distress.  Putney will require therapy to overcome the

10  emotional hardships from being terminated from her 25 year reprimand free employment without

11  just cause and without the imposition of progressive discipline.  Kaiser intended for Putney to

12  suffer said emotional distress and it was likely that Putney would undergo said stress from being

13  terminated from her 25 year reprimand free employment without just cause and without the

14  imposition of progressive discipline.

15      18. Furthermore, Kaiser's actions constituted malice and/or oppression, entitling Putney

16  to punitive damages.  Kaiser intended to cause injury to Putney by terminating her without just

17  cause and without the imposition of progressive discipline and was done in a wilful and

18  conscious disregard of the rights of Putney.

19          WHEREFORE, Plaintiff seeks a judgment for damages as set forth in the Prayer.

20

21              THIRD CAUSE OF ACTION

22      (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

23

24      19. Plaintiff, hereby re-alleges and reincorporates each and every allegation contained in

25  paragraphs one through 18 inclusive, as though fully set forth herein.

20.  Putney and Kaiser entered into a contract with each other on or about October 1, 2005, the date of the Collective Bargaining Agreement between Kaiser and its covered employees, including Putney.  Based on Section 1069 A. and 1071 C. of said collective bargaining agreement, more fully described in paragraph 7 of this complaint. Kaiser had a duty to only terminate Putney's employment for just cause and to make use of progressive discipline. Kaiser was aware of this duty and of Putney's reprimand free 25 year employment with Kaiser. Kaiser negligently inflicted emotional distress on Putney by terminating her employment without just cause and without the use of progressive discipline.  Kaiser breached this duty by terminating Putney without just cause and without the implementation of progressive discipline. Putney's alleged actions did not amount to just cause termination of Putney's employment. Kaiser knew or should have known that its' terminating of Putney without just cause and without the imposition of progressive discipline would result in emotional distress to Putney.

21.  Kaiser's termination of Putney without just cause and without the use of progressive discipline, resulted directly in and proximately in Putney suffering from a loss of income, a loss of earning capacity, her employment with Kaiser, and to undergo extreme emotional distress. Putney will require therapy to overcome the emotional hardships from being terminated from her 25 year record free employment without just cause and without the imposition of progressive discipline.  Kaiser knew or should have known that Putney would suffer said emotional distress and it was likely that Putney would undergo said stress from being terminated from her 25 year reprimand free employment without just cause and without the imposition of progressive discipline.

**WHEREFORE,** Plaintiff seeks a judgment for damages as set forth in the Prayer.

7

## FOURTH CAUSE OF ACTION

### (BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING)

22. Plaintiff hereby re-alleges and incorporates each and every allegation contained in paragraphs 1 through 21 inclusive, as though fully set forth herein.

23. Putney and Kaiser entered into a contract with each other on or about October 1, 2005, the date of the Collective Bargaining Agreement between Kaiser and its covered employees, including Putney. Based on Section 1069 A. and 1071 C. of said collective bargaining agreement, more fully described in paragraph 7 of this complaint, Kaiser had a duty to only terminate Putney's employment for just cause and to make use of progressive discipline. As a party to a collective bargaining agreement with Putney, Kaiser had a duty to deal with Putney in good faith and in fair dealings with Putney in regards to her employment.

24. Putney complied with all of her duties under the contract. She faithfully worked without reprimand for Kaiser for 25 years before the abrupt termination on August 10, 2012 and complied with all of Kaiser's established and clearly defined employment protocols for said 25 years.

25. Kaiser breached its duty of good faith and fair dealing by terminating Putney without just cause. Putney did not violate HIPAA or Kaiser's internal principals of responsibility by briefly accessing her family member's accounts for the purpose of serving them as customers of Kaiser. Even if Putney's aforementioned actions had been a violation of either HIPAA or Kaiser's internal principals of responsibility, Kaiser failed to adequately educate Putney of the rules. This is compounded by it being common practice for Kaiser employees to take part in scheduling appointments for their family members or to inform them who their primary doctor is or when an appointment is scheduled. Said minor alleged violations do not amount to just cause for termination. Furthermore, Kaiser breached its duty of good faith and fair dealings by terminating Putney instead of making use of progressive discipline. Given that Kaiser did not

1  adequately educated Putney of its rules and interpretations of HIPAA, that it was common

2  protocol for Kaiser employee's to access their family members accounts to assist them, and that

3  several other employees of Kaiser had received significant lower punishments for the same or

4  even more egregious acts in the same time frame, Kaiser breached its duty of good faith and fair

5  dealing with Putney by not utilizing progressive discipline before terminating Putney's

6  employment.

7      26. As an actual and proximate cause of Kaiser's breaches of its duty of good faith and

8  fair dealing, Putney has suffered a loss of income, a loss of earning capacity, and her

9  employment with Kaiser. All of these damages were a likely and foreseeable result of

10 Defendants' breaches of the contract. Putney requests equitable relief in the form of the

11 reinstatement of her employment with Kaiser.

12

13

14                               **PRAYER**

15      **WHEREFORE**, Plaintiff prays judgment against the each Defendant as follows:

16

17 For the First Cause of Action:

18 1.      For Plaintiff's general damages according to proof;

19 2.      Plaintiff's special damages according to proof;

20 3.      For prejudgment interest according to proof, pursuant to *Civil Code* §3291;

21 4.      For Plaintiff's costs of suit herein;

22 5.      For an award of reasonable attorney's fees.

23 6.      For specific performance in the form of the reinstatement of Plaintiff's employment; and

24 7.      For such other and further relief as to the Court may deem just and proper.

25

9

For the Second Cause of Action:

1.     For Plaintiff's general damages according to proof;

2.     Plaintiff's special damages according to proof;

3.     For punitive damages;

4.     For prejudgment interest according to proof, pursuant to *Civil Code* §3291;

5.     For Plaintiff's costs of suit herein;

6.     For an award of reasonable attorney's fees.; and

7.     For such other and further relief as to the Court may deem just and proper.

For the Third Cause of Action:

1.     For Plaintiff's general damages according to proof;

2.     Plaintiff's special damages according to proof;

3.     For prejudgment interest according to proof, pursuant to *Civil Code* §3291;

4.     For Plaintiff's costs of suit herein;

5.     For an award of reasonable attorney's fees.; and

6.     For such other and further relief as to the Court may deem just and proper.

For the Fourth Cause of Action:

For Plaintiff's general damages according to proof;

2.     Plaintiff's special damages according to proof;

3.     For prejudgment interest according to proof, pursuant to *Civil Code* §3291;

4.     For Plaintiff's costs of suit herein;

5.     For an award of reasonable attorney's fees.

10

6.    For equitable relief in the form of the reinstatement of Plaintiff's employment; and

7.    For such other and further relief as to the Court may deem just and proper.

Respectfully Submitted,

DATED: 7/14/2014

PETER L. BALOGH
Attorney for Plaintiff
MARITES PUTNEY

11





## SUMMONS
### (CITACION JUDICIAL)

**SUM-100**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**FILED**
**SAN MATEO COUNTY**

**JUL 16 2014**

**Clerk of the Superior Court**

By _____ DEPUTY CLERK

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
The Permanente Medical Group, Inc.,
Kaiser Permanente Health Plan, Inc., Kaiser Permanente Ventures, LLC.
and DOES 1-15

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
Marites Putney

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: (El nombre y dirección de la corte es:) | CASE NUMBER: (Número del Caso:) |
|---|---|
| Superior Court of San Mateo County 400 County Center Redwood City, CA 94063 | **CIV 5 2 9 5 5 4** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es:)
Peter L. Balogh
15 West Manor Drive
Pacifica, CA 94044
LAW OFFICES OF PETER L. BALOGH
(650) 355-8834

DATE: **JUL 1 6 2014**    **JOHN C. FITTON**    Clerk, by _____, Deputy
(Fecha)    (Secretario)    (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): The Permanente Medica...
   under: ☒ CCP 416.10 (corporation)
   ☐ CCP 416.20 (defunct corporation)
   ☐ CCP 416.40 (association or partnership)
   ☐ other (specify):
4. ☐ by personal delivery on (date):

[SEAL]

Proces. Serv.

**KRISTIN CHAMBERS**

**JUL 2 2 2014**

**RECEIVED**



Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address):
Peter L. Balogh   (SBN 164150)
LAW OFFICES OF PETER L. BALOGH
15 West Manor Drive
Pacifica, CA 94044
TELEPHONE NO.: (650) 355-8834   FAX NO.: (650) 355-7342
ATTORNEY FOR (Name): Marites Putney

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Mateo
STREET ADDRESS: 400 County Center
MAILING ADDRESS:
CITY AND ZIP CODE: Redwood City, CA 94063
BRANCH NAME: Civil Unlimited

CASE NAME: Marites Putney v. The Permanente Medical Group, Inc.,
et.al.

**FOR COURT USE ONLY**

FILED
SAN MATEO COUNTY

JUL 15 2014

Clerk of the Superior Court

By _____
DEPUTY CLERK

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: CIV529554 |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[X] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action (specify): 4
5. This case [ ] is [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 7/14/2014

Peter L. Balogh                                        by FAX
(TYPE OR PRINT NAME)                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

Marites Putney

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET.

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400-3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief from Late Claim
Other Civil Petition

CM-010 [Rev. July 1, 2007]   **CIVIL CASE COVER SHEET**   Page 2 of 2

Marites Putney

# NOTICE OF CASE MANAGEMENT CONFERENCE

(ENDORSED)

**FILED**
SAN MATEO COUNTY

JUL 3 14

Clerk of the Superior Court
By TYLER MAXWELL
DEPUTY CLERK

_Marites Potroy_

vs.

_The Permanente Medical Group, Etc._

Case No: **CV 5 2 9 5 5 4**

Date: **11 -14 -14**

Time 9:00 a.m.

Dept. _____ —on Tuesday & Thursday
Dept. **7** —on Wednesday & Friday

You are hereby given notice of your Case Management Conference. The date, time and department have been written above.

1. In accordance with applicable California Rules of the Court and local Rules 2.3(d)1-4 and 2.3(m), you are hereby ordered to:
   a) **Serve all named defendants and file proofs of service on those defendants with the court within 60-days of filing the complaint (CRC 201.7).**
   b) **Serve a copy of this notice, Case Management Statement and ADR Information Sheet on all named parties in this action.**
   c) **File and serve a completed Case Management Statement at least 15-days before the Case Management Conference [CRC 212(g)]. Failure to do so may result in monetary sanctions.**
   d) **Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 212(f) no later than 30-days before the date set for the Case Management Conference.**

2. If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned. The Order to Show Cause hearing will be at the same time as the Case Management Conference hearing. Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.

3. Continuances of Case Management Conferences are highly disfavored unless good cause is shown.

4. Parties may proceed to an appropriate dispute resolution process ("ADR") by filing a Stipulation to ADR and Proposed Order (see attached form). If plaintiff files a Stipulation to ADR and Proposed Order electing to proceed to judicial arbitration, the Case Management Conference will be taken off the court calendar and the case will be referred to the Arbitration Administrator. If plaintiffs and defendants file a completed stipulation to another ADR process (e.g., mediation) 10—days prior to the first scheduled Case Management Conference, the Case Management Conference will be continued for 90-days to allow parties time to complete their ADR session. The court will notify parties of their new Case Management Conference date.

5. If you have filed a default or a judgment has been entered, your case is not automatically taken off Case Management Conference Calendar. If "Does", "Roes", etc. are named in your complaint, they must be dismissed in order to close the case. If any party is in bankruptcy, the case is stayed only as to that named party.

6. You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

7. The Case Management judge will issue orders at the conclusion of the conference that may include:
   a) Referring parties to voluntary ADR and setting an ADR completion date;
   b) Dismissing or severing claims or parties;
   c) Setting a trial date.

8. The Case Management judge may be the trial judge in this case.

For further information regarding case management policies and procedures, see the court's website at:  www.sanmateocourt.org

*Telephonic appearances at case management conferences are available by contacting CourtCall, LLC, an independent vendor, at least five business days prior to the scheduled conference (see attached CourtCall information).