UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARITES PUTNEY,<br><br>          Plaintiff,<br><br>     v.<br><br>THE PERMANENTE MEDICAL GROUP, INC., et al.,<br><br>          Defendants. | Case No.  14-cv-03763-EDL<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Re: Dkt. No. 35 |

On January 21, 2015, Defendant The Permanent Medical Group, Inc. ("Defendant Permanente" or "Defendant") filed this motion for judgment on the pleadings. For the reasons set forth below, Defendant's motion is GRANTED and the complaint is dismissed with prejudice.

I.   **RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff alleges that she worked for Defendant from June 16, 1987 until August 10, 2012, at which time Plaintiff alleges that she was terminated without just cause and without imposition of progressive discipline in violation of a collective bargaining agreement ("CBA"). (Cmplt. ¶¶ 7-9.) On September 25, 2014, this Court granted a prior motion for judgment on the pleadings on the original complaint, which only asserted state law claims, reasoning that all of those claims were preempted by the Labor Management Relations Act ("LMRA"). (Dkt. 16.) On December 9, 2014, the Court granted a motion for judgment on the pleadings on the first amended complaint, dismissing all claims with prejudice except for Plaintiff's LMRA claim, which the Court dismissed with leave to amend. On January 8, 2015, Plaintiff filed the operative second amended complaint, which alleges a "hybrid" claim pursuant to the LMRA for breach of the CBA against Defendant Permanente and breach of the duty of fair representation against Defendant Service

Employees International Union United Healthcare Workers West ("Defendant Union").[1]

## II. STANDARD

Under Rule 12(c) of the Federal Rules of Civil Procedure, "[a]fter the pleadings are closed but within such time as not to delay trial, any party may move for judgment on the pleadings."  A motion for judgment on the pleadings pursuant to Rule 12(c) challenges the legal sufficiency of the opposing party's pleadings.  Kemp v. Regents of Univ. of Cal., 2010 WL 2889224, at *2 (N.D. Cal. July 22, 2010) (Hamilton, J.).  Judgment on the pleadings is appropriate when, even if all material facts in the pleading under attack are true, the moving party is entitled to judgment as a matter of law. Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1990)

The legal standard applied to a motion for judgment on the pleadings is the same as the legal standard applied on a motion to dismiss pursuant to Rule 12(b)(6). Kemp, 2010 WL 2889224, at *2; Madison v. Alameda Cnty. Sheriff's Office, 2004 WL 1960190, at *1 (N.D. Cal. Sept. 3, 2004) (Chesney, J.).  "In reviewing a motion under Rule 12(c), the court must assume that the facts alleged by the nonmoving party are true and must construe all inferences drawn from those facts in favor of the nonmoving party." Jackson v. East Bay Hosp., 980 F. Supp. 1341, 1345 (N.D. Cal. 1997) (Patel, J.) (citing General Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church, 887 F.2d 228, 230 (9th Cir. 1989)).

Because motions for judgment on the pleadings pursuant to Rule 12(c) and motions to dismiss pursuant to Rule 12(b)(6) are "'functionally identical,' leave to amend should be granted unless amendment would be futile." Kemp, 2010 WL 2889224, at *2 (quoting Dworkin v. Hustler Magazine, Inc., 867 F.2d 119, 1192 (9th Cir. 1989); Lewis v. City & Cnty. of San Francisco, 2012 WL 909801, at *1 (N.D. Cal. Mar. 16, 2012) (Hamilton, J.).

## III. DISCUSSION

Plaintiff's "hybrid" claims are "'inextricably interdependent'" and to prevail, "plaintiff

---

[1] The Court does not require the consent of Defendant Union because it has not been served and is therefore not a party within the meaning of 28 U.S.C. § 636(c).  See Ornelas v. De Frantz, 2000 WL 973684, *2, n.2 (N.D. Cal. 2000) (citing Neals v. Norwood, 59 F.3d 530, 532 (5th Cir. 1995) (magistrate judge had jurisdiction to dismiss prisoner's civil rights action without consent of the defendants because the defendants had not been served yet and therefore were not parties)).

must show that the union and the employer have both breached their respective duties." Bliesner v. Commc'n Workers of America, 464 F.3d 910, 913 (9th Cir. 2006) (quoting Delcostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 165 (1983)); Ayala v. Pacific Maritime Ass'n, 2011 WL 3044189, at *4 (N.D. Cal. July 25, 2011) (Henderson, J.).  Since a failure of either claim is fatal to the other, the Court is free to decide Plaintiff's claims in either order.  See Bliesner, 464 F.3d at 914 ("[t]o prevail on [a] claim for breach of the collective bargaining agreement . . . [Plaintiff] must show, as a prerequisite, that the Union breached its duty of fair representation. . . . But nothing requires the district court to decide the fair representation question first. . . . Deciding the CBA question first is not merely permissible. It is also a normal and entirely sensible procedure frequently followed by a court confronted with two potentially dispositive questions, one of which is easier to resolve.").  Here, Plaintiff fails to state a claim for breach of the duty of fair representation, so both of her claims fail.

"[A] union breaches its duty of fair representation if its actions are either 'arbitrary, discriminatory, or in bad faith.'" Air Line Pilots Ass'n, Int'l, v. O'Neill, 499 U.S. 65, 67 (1991) (quoting Vaca v. Sipes, 386 U.S. 171, 190 (1967)); Truesdell v. S. Cal. Permanente Med. Grp., 293 F.3d 1146, 1153 (9th Cir. 2002) (same).  The Court's examination "must be highly deferential" to the Union because "Congress did not intend judicial review of a union's performance to permit the court to substitute its own view of the proper bargain for that reached by the union." O'Neill, 499 U.S. at 78; Holmes v. Tenderloin Hous. Clinic, Inc., 772 F. Supp. 2d 1074, 1096-97 N.D. Cal. 2011) (Hamilton, J.) ("The Supreme Court 'has long recognized that unions must retain wide discretion to act in what they perceive to be their members' best interests.'" (quoting Peterson v. Kennedy, 771 F.2d 1244, 1253 (9th Cir. 1985))).  A Union's "conduct is arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a wide range of reasonableness, as to be irrational." Apolinario v. United Healthcare Workers-W., 2014 WL 1396026, at *2 (N.D. Cal. Apr. 10, 2014) (Tigar, J.) (internal quotation marks and citations omitted).  A "union's conduct is discriminatory if there is 'substantial evidence of discrimination that is intentional, severe, and unrelated to legitimate union objectives.'" Id. (quoting Amalgamated Ass'n of St., Elec., Ry. & Motor Coach

3

Emp. of Am. v. Lockridge, 403 U.S. 274, 301 (1971)). A Union's "conduct is in bad faith if there is 'substantial evidence of fraud, deceitful action or dishonest conduct.'" Id. (quoting Amalgamated Ass'n, 403 U.S. at 301).

Here, Plaintiff alleges that the Union breached its duty in three ways: (1) "[Defendant Union] should have pursued the grievance procedure through the arbitration step as [Defendant Union] had initiated the grievance procedure and not withdrew [sic] from the grievance procedure without consultation with [Plaintiff];" (2) Defendant Union did "not explain[] the risks associated with proceeding with the grievance procedure it chose to pursue" to Plaintiff; and (3) Defendant Union "failed to fairly represent [Plaintiff] by deciding to pursue the grievance procedure and handling it in such a poor manner that the discipline imposed on [Plaintiff] was much more severe than had [Defendant Union] not initiated the grievance procedure." (Cmplt. ¶ 23.)

Plaintiff's first allegation is that Defendant Union breached its duty by not pursuing the grievance process all the way through arbitration and by not consulting with Plaintiff. (Cmplt. ¶ 23.) Plaintiff also alleges that the Union failed to adequately explain the risks of the grievance process to her. This is insufficient to demonstrate arbitrariness, discrimination, or bad faith. See Apolinario, 2014 WL 1396026, at *2 (dismissing a complaint based on allegations that a Plaintiff "was terminated, and that the [union] chose not to pursue a grievance to the extent that [Plaintiff] desired"); Thompson v. Permanente Med. Grp., Inc., 2013 WL 1808897, at *3 (N.D. Cal. Apr. 29, 2013) (Tigar, J.) (finding that allegations that a union failed to communicate with Plaintiff during a grievance process and that the union terminated the grievance process were insufficient to state a claim for breach of the duty of fair representation); Knowles v. Pac. Gas & Elec. Co., 2008 WL 2705097, at *6 (N.D. Cal. July 8, 2008) (Wilken, J.) (finding that allegations that a union "fail[ed] to investigate Plaintiffs' complaint, fail[ed] to provide administrative remedies, fail[ed] to communicate with [the employer defendant] regarding Plaintiffs' grievances, and fail[ed] to enforce the [CBA]" were insufficient to state a breach of the duty of fair representation claim); see also Vaca v. Sipes, 386 U.S. 171, 191-92 (1967) ("[W]e do not agree that the individual employee has an absolute right to have his grievance taken to arbitration regardless of the provisions of the applicable collective bargaining agreement . . . . [W]e conclude that a union does not breach its

4

duty of fair representation, and thereby open up a suit by the employee for breach of contract, merely because it settled the grievance short of arbitration.").

Plaintiff's only other allegation, that Defendant Union represented her in a "poor manner," is also insufficient. As alleged, it appears that Defendant Union pursued Plaintiff's grievance through step three of the grievance process outlined in the CBA and then decided not to go through with arbitration. (See Cmplt. ¶ 23.) There is nothing in these allegations that suggests arbitrariness, discrimination, or bad faith. See Apolinario, 2014 WL 1396026, at *2; Knowles, 2008 WL 2705097, at *6.

The cases cited by Plaintiff are not to the contrary. Trnka v. Local Union No. 688, 30 F.3d 60 (7th Cir. 1994) affirmed a district court's dismissal of a breach of the duty of fair representation claim. Id. at 61. While Conkle v. Jeong, 73 F.3d 909 (9th Cir. 1995), recites the rule that a union breaches its duty of fair representation "if it ignores a meritorious grievance or processes it in a perfunctory manner," there are no allegations of such conduct here. Id. at 916. Furthermore, Conkle affirmed a district court's dismissal of the claim against the union. Id. Similarly, Stevens v. Teamsters Local Union No. 600, 794 F.2d 376 (8th Cir. 1986), affirmed a district court's dismissal of a breach of the duty of fair representation claim despite allegations that amounted to "deficient representation, even seriously deficient." Id. at 378.

## IV.   CONCLUSION

Defendant's motion to dismiss is GRANTED. Because this is Plaintiff's third attempt to state a claim, and second attempt to state an LMRA claim, and she has failed each time, leave to amend would be futile. Therefore, the complaint is dismissed with prejudice and without leave to amend.

**IT IS SO ORDERED.**

Dated: March 12, 2015

_____
Elizabeth D. Laporte
United States Magistrate Judge